IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LETISIA S. HINOJOSA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. _____ |
| CARRINGTON MORTGAGE SERVICES, LLC and CONNIE COBB, SUBSTITUTE TRUSTEE, | § § § § § § | |
| Defendants. | § § | |

### DEFENDANT CARRINGTON MORTGAGE SERVICES, LLC'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Carrington Mortgage Services, LLC ("*Carrington Mortgage*") removes this action from the County Court at Law No. 4, Hidalgo County, Texas, to the United States District Court, Southern District of Texas, and as grounds for removal state as follows:

### I. STATE COURT ACTION

**1.** On December 2, 2021, Letisia S. Hinojosa ("*Plaintiff*") filed *Plaintiff's Original Petition and Request for Temporary Restraining Order* ("*Petition*") in the County Court at Law No. 4, Hidalgo County, Texas, styled *Letisia S. Hinojosa v. Connie Cobb*, *Substitute Trustee*, Cause No. CL-21-3970-D ("*State Court Action*").

**2.** In the Petition, Plaintiff asserts claims related to real property located at 3313 E. Truman Ave., Alton, Texas 78573 ("*Property*"). Petition pg. 2. Specifically, Plaintiff alleges violations of the Texas Property Code. Petition, pp. 3-5.

**3.** On January 13, 2022, Carrington Mortgage intervened in this case as the real party at interest. By virtue of that certain Assignment of Deed of Trust dated May 20, 2016, Carrington Mortgage is the assignee of that certain Deed of Trust dated August 2, 2012. As stated in the Notice of Substitute Trustee's Sale attached to the Petition as Exhibit B, Carrington Mortgage is the mortgage servicer and "is authorized to represent the mortgagee by virtue of a written servicing agreement with the mortgagee." Petition, Exhibit B.

**4.** With this Notice of Removal, Carrington Mortgage hereby removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

**5.** This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(a), 1441(a-b), 1446(a).

**6.** This removal is timely because it is being filed "within 30 days after receipt by the Defendants, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based." 28 U.S.C. § 1446(b).

**7.** Pursuant to 28 U.S.C. § 1446(a) and LR 81, with the filing of this Notice of Removal, Carrington Mortgage is filing an index containing a true and correct copy of the entire file from the State Court Action at the time of this removal.

**8.** Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Carrington Mortgage is (**a**) serving Plaintiff with a copy of this Notice of Removal, and (**b**) filing a copy of the Notice of Removal in the County Court at Law No. 4 of Hidalgo County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit A**.[1]

---

[1] Defendant has not included Exhibit 1 to the Notice of Removal filed in the State Court Action because Exhibit 1 is a copy of this Notice of Removal.

### III. DIVERSITY JURISDICTION

**9.**     The Court has diversity jurisdiction in this matter. Where complete diversity exists among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Carrington Mortgage, who is the true party in interest on the defendant side. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

**A. Diversity of Citizenship**

**10.**     The Petition indicates that Plaintiff is domiciled in Texas. *See* Petition, pg. 1.

**11.**     Carrington Mortgage Services, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership, whose general partner is Carrington Capital Management, LLC. Carrington Capital Management, LLC is a Delaware limited liability company, whose members are Carrington Holding Company, LLC and a natural person. The natural person is not a citizen of the state of Texas. The Carrington Companies, LLC is a Delaware limited liability company, whose members are two natural persons who are not citizens of the state of Texas.

**12.**     The Petition indicates that Ms. Cobb is domiciled in Texas. *See* Petition, pg. 1.

**13.**     As shown above, there is diversity of citizenship between Plaintiff, on one hand, and Carrington Mortgage, on the other hand. Although Plaintiff and Ms. Cobb are citizens of Texas,

there is complete diversity of citizenship among the actual parties because Ms. Cobb is improperly joined. *See Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). Plaintiff has not stated a claim against Ms. Cobb, as substitute trustee, and there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Ms. Cobb. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Whether this standard is met is determined by application of the federal pleading standard under Rule 12(b)(6). *Id.* at 208. Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Factual allegations must be enough to raise a right to relief above the speculative level. *Lopez,* 197 F. Supp. 3d at 949.

**14.** Plaintiff cannot recover against Ms. Cobb because Plaintiff only alleges wrongdoing of Carrington Mortgage, not Ms. Cobb. Plaintiff alleges that the mortgagee and mortgage servicer did not provide sufficient notice to Plaintiff of the breach, default, and intent to accelerate the note, recorded a deficient notice of sale that listed multiple trustees and lacked the required address, and lacks standing to foreclose on the Property. *See Petition,* pgs. 3-5. As stated in the Notice of Substitute Trustee's Sale attached to the Petition as Exhibit B, Carrington Mortgage is the mortgage servicer and "is authorized to represent the mortgagee by virtue of a written servicing agreement with the mortgagee." Petition, Exhibit B.

**15.** None of the allegations in the Petition relate to improper actions by Ms. Cobb and no claims upon which relief may be granted have been pled against her. Carrington Mortgage's Notice of Sale merely noted that Ms. Cobb is one of ten substitute trustees appointed to exercise the right of sale in the Deed of Trust. *See id.*, Ex. B. Under Texas law, Ms. Cobb could not have been "assigned

a duty under a security instrument other than to exercise the power of sale in accordance with" the Notice of Sale. Texas Prop. Code § 51.0074(b)(1). Therefore, the only alleged wrongdoing would be against the mortgagee and mortgage servicer, who is Defendant Carrington Mortgage, in pursuit of the scheduled foreclosure and not Ms. Cobb, who was merely appointed as substitute trustee for the sale, which did not even occur. Consequently, Plaintiff has brought no claims against her.

16. Furthermore, pursuant to Chapter 51 of the Texas Property Code, a trustee "named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security instrument" is not a necessary party to a suit. § 51.007 Tex. Prop. Code. In addition, Plaintiff cannot recover against Ms. Cobb because she does not owe a legal duty to Plaintiff. *See 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Even if there was a duty between the lender and Plaintiff, there is no separate and independent duty that Ms. Cobb owed to Plaintiff that would give rise to individual liability. *See Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996).

17. It appears Plaintiff brought suit against Ms. Cobb, the substitute trustee, rather than the proper party in interest, Carrington Mortgage, because Plaintiff improperly sought to defeat diversity jurisdiction. When, as here, "a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016).

18. Because Plaintiff is domiciled in Texas and the correct defendant, Carrington Mortgage, is not a citizen of Texas, complete diversity exists among the parties.

**B. Amount in controversy**

19. The amount in controversy requirement is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional

amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). A defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds the $75,000 requirement. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253.

20.  "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin.*, LLC, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

21.  Plaintiff seeks injunctive relief preventing Ms. Cobb and Carrington Mortgage from foreclosing on the Property. *See* Petition, p. 4-6. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Greenberg*, 134 F. 3d at 1252-53 (citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983)); *see also Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D.Miss.1988) ("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

22.  If the right to property is at issue, the court will look to the value of the property to determine whether the minimum amount in controversy amount has been met for jurisdiction. *Nationstar Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is

measured by the value of the object of the litigation."); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property").

23.  Accordingly, because Plaintiff is seeking injunctive relief and the right to property is at issue in this case, the amount in controversy is to be determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9).

24.  According to the Hidalgo County Tax Office, the current value of the Property is $234,770.[2] Thus, the value of the Property satisfies the amount in controversy requirement. A true and correct copy of the 2021 Hidalgo County Tax Office tax balances is attached hereto as **Exhibit B**.

25.  Because there is complete diversity between the parties and the amount in controversy, of $234,770 plus alleged damages for mental anguish and loss of credit, exceeds the $75,000.00 requirement, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

---

[2] Defendant does not contend that the appraisal reflected by the County Tax Office constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

26. The attorneys filing this Notice of Removal are counsel of record for Carrington Mortgage.

27. Plaintiff's attorney is Juan Angel Garcia:

> Juan Angel Guerra
> 1407 N. Stuart Place Road, Suite B
> Harlingen, Texas 78552
> Tel: 956 428-1600
> Fax: 956 428-1601
> Email: juanangelguerra1983@gmail.com

## VI. RESERVATION OF RIGHTS

28. In filing this Notice of Removal, Carrington Mortgage does not waive, and specifically reserves, any and all objections as to service, objections to personal jurisdiction, defenses, rights, and motions.

## VII. REMOVAL

WHEREFORE, Carrington Mortgage removes this action from the County Court at Law No. 4, Hidalgo County, Texas to the United States District Court, Southern District of Texas, so that this Court may assume jurisdiction over the case as provided by law.

Respectfully submitted,

By: */s/ Jacob Sparks*
**Jacob Sparks**
Texas Bar No. 24066126
Email: JSparks@SpencerFane.com

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel:   (214) 750-3624
Fax:   (214) 750-3612

*Attorney for Defendant*
*Carrington Mortgage Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I served this Notice of Removal on the following parties in compliance with Rule 5, Federal Rules of Civil Procedure:

Juan Angel Guerra
1407 N. Stuart Place Road, Suite B
Harlingen, Texas 78552
Tel: 956 428-1600
Fax: 956 428-1601
Email: juanangelguerra1983@gmail.com

Connie Cobb, Substitute Trustee
14800 Landmark Blvd., Suite 850
Addison, TX 75254

By: */s/ Jacob Sparks*
    **Jacob Sparks**